**William MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36439.**

Court of Criminal Appeals of Texas.

Jan. 29, 1964.

A. W. Salyars, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for assault with intent to murder; the punishment, four years.

The testimony of the State reveals that the injured party ran among a large number of customers in a cafe saying "Stop him, stop him," as the appellant with a knife in his hand was pursuing the injured party; that appellant ran up behind, jumped and grabbed the injured party and cut his throat and stuck a hole through his ear with the knife.

A physician examined the injured party at the hospital immediately after he was cut. He testified that the injured party suffered a laceration of his left ear, and a large laceration on the right side of the neck extending from below the right ear "clear around to this part" severing the superficial jugular vein, which was about an inch deep at the deepest place, and came within about one half-inch of the main jugular vein, that it required about fifty stitches to close, and could have caused his death if it had not been treated.

Testifying in his own behalf, the appellant stated that while he was sitting with a group in the cafe the injured party approached, asked what all the noise was about, and when he told him that they were

talking and laughing and it was a public place and he did not think it was any of his business, the injured party said that the noise was not necessary. At this time the injured party reached toward his pocket and appellant thought he was reaching for a knife or something and was going to hurt him; that the injured party hit the appellant first, and then the appellant hit him with his knife to keep the injured party off of him.

On cross-examination of the appellant the following testimony was adduced:

"Q. Just show the jury how you were holding the knife, just take it and show them how you were holding it when you cut his throat. A. (demonstrating).

"Q. Now, the first time that you swiped at him was he trying to get away? A. He jumped back and—

"Q. He jumped back and you swiped at him?

"A. No, sir, I had hold of him.

"Q. You had hold of him and were cutting him with the knife? You had a hold of him when you hit him the first time, is that your testimony? A. Both times.

"Q. Both times? A. Yes, sir.

"Q. You had hold of him with one hand and were cutting him with the other, isn't that right? A. Yes, sir.

"Q. And the first time you hit him on the right ear—on the left ear, isn't that right? A. Yes, sir.

"Q. And the next time you caught him on the right side of the throat? A. Yes, sir, that's when he whirled.

"Q. When he whirled? A. Yes, sir.

"Q. Had his back to you, didn't he? A. I don't know.

"Q. Well sir, now all I'm trying to find out is just what happened out there. Can you tell me if he had his back to you when you cut his throat?

"A. I don't know, sir, because we was tusseling; he was trying to get loose and I was trying to hold him."

■ The sole contention relied on for reversal is that the prosecuting attorney committed error during his argument to the jury. Appellant insists that the repeated use of the phrase his "throat was cut" by the appellant when no part of the neck inside of the superficial veins was damaged; and the use of the word "would" instead of "could", in discussing the testimony that the wound could have caused death if it had not been treated, was error because it was unsworn testimony, and such arguments were inflammatory and prejudicial.

While testifying the appellant admitted that he cut the throat of the injured party, the physician testified it took about fifty stitches to close the laceration, and there was other testimony that appellant cut the throat of the injured party. At the time of the objection to the use of the word "would" the judge told the jury to recall the testimony of the physician, and the state's attorney while arguing asked them to correct any of his misquotes of the testimony. No error is presented.

■ The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.